**LOWREY v WEFLER**

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 11, 1932

Lynch, Day, Pontius & Lynch, Canton, and J. V. Hammersmith, Massillon, for plaintiff in error.

Amerman & Mills, Canton, and Elson Wefler, Massillon, for defendant in error.

SHERICK, PJ.

Although the pleadings do not so state, it may be assumed that the action is brought not only for the benefit of the plaintiff, but for all of the stockholders.

The plaintiff bases his claim for relief upon the statement that one who is wrongfully injured in his property rights is entitled to relief at the hands of a court of equity. The rule insisted upon is no doubt true in a general way. There are exceptions thereto. Occasions arise where certain things must be done before relief can be given, and it is our judgment that something should have been done in this case, which was not done and which was pre-requisite to the assertion of the plaintiff's claimed right as a stockholder.

The petition and its supplement in this case contain no averments that the plaintiff, as a stockholder, has made any attempt to exhaust the means of redress within the corporation itself, nor is it so pled that it is shown that a demand under the circumstances would have been a vain thing.

It is a well recognized rule of the law of this state that a stockholder is not entitled to maintain an action on his part on behalf of his corporation, or other stockholders, to redress wrongs done it, until a demand has been made upon the corporation or its officers to institute an action for redress of this wrong, and a petition that fails to make any allegation of an attempt to secure redress through the corporation is deficient, unless it be shown that the making of such demand would be a vain thing. Now, the petition and supplement in this case contain no such averments, and we hold that the plaintiff has failed to do and perform and to allege the condition precedent to his right to bring this action, and that the trial court was right in sustaining the motion made and in dismissing the petition, for the right of a stockholder to bring this action is secondary. The primary right of redress is in the corporation itself.

In the case of **Wasmer v Massillon Iron & Steel Co., 7 Oh Ap 488,** this court, then previously constituted, considered this precise question.

The Supreme Court in the case of **Ellis v Prudential Savings Company, 104 Oh St 599,** indirectly considered the rule for which the defendant contends. The court in that case made remark:

"If it be conceded that this company was unlawfully paying commissions out of its capital for the sale of stock, clearly an action could be maintained only on behalf of the company stockholders, and in such event the demand should have been made upon the offices of the corporation to prosecute such an action."

Further authorities in this state are to be found cited in **10 Ohio Jurisprudence, §§253, 254 and 255.**

The plaintiff advances as authority for his position the case of **Standard Home & Savings Association Company v Jones, 64 Oh St, 147,** but the precise question decided in that case was that jurisdiction was lodged in the Court of Common Pleas and not in the Probate Court. However, we think that case may easily be distinguished from the rule herein adopted. The petition in that case and its report discloses that the company was made a party to the action, as were also certain parties who wrongfully acted as directors, and who were not entitled to so act. A demand upon the corporation and its officers in that case would have been a futile and vain act and we think, from the allegations of that petition, facts were alleged which dispensed with the requirement that demand be made.

It is therefore our judgment that the petition did not state a cause of action, and that the trial court was right in its ruling, and the judgment is affirmed.

LEMERT and MONTGOMERY, JJ, concur.